# Matter of Heidy Hazel BAIRES-Larios, Respondent

File A42 474 527 - Los Fresnos

*Decided March 10, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A child who has satisfied the statutory conditions of former section 321(a) of the Immigration and Nationality Act, 8 U.S.C. § 1432(a) (1988), before the age of 18 years has acquired United States citizenship, regardless of whether the naturalized parent acquired legal custody of the child before or after the naturalization.

FOR RESPONDENT: Jodi Goodwin, Esquire, Harlingen, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lessa N. Whatmough, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, GRANT, and MILLER, Board Members.

MILLER, Board Member:

In a decision dated August 28, 2007, an Immigration Judge found that the respondent did not derive United States citizenship through her father, denied her requests for cancellation of removal and voluntary departure, and ordered her removed from the United States. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

The record reflects that the respondent was born in El Salvador on November 13, 1976. On February 8, 1978, the respondent's parents were divorced. The respondent's father became a naturalized United States citizen on January 13, 1989. On November 3, 1990, the respondent's mother executed an affidavit relinquishing legal custody of the respondent and allowing her to go to the United States. On November 14, 1990, the respondent was admitted to the United States as a lawful permanent resident. The respondent claims that she automatically acquired United States citizenship pursuant to former section 321(a) of the Immigration and

Nationality Act, 8 U.S.C. § 1432(a) (1988),[1] on November 14, 1990, when she was admitted to the United States as a lawful permanent resident under the legal custody of her father.

Because the respondent was born in El Salvador, she is presumed to be an alien and bears the burden of establishing her claim to United States citizenship by a preponderance of credible evidence. *See Matter of Tijerina-Villarreal*, 13 I&N Dec. 327, 330 (BIA 1969). Section 321(a) of the Act, which was in force prior to February 27, 2001, stated, in pertinent part, as follows:

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> . . .
>    (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . if
>    (4) Such naturalization takes place while such child is unmarried and under the age of eighteen years; and
>    (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent . . . or thereafter begins to reside permanently in the United States while under the age of eighteen years.

It is clear that the naturalization of the respondent's father took place while she was under the age of 18 years and that she was admitted to the United States as a lawful permanent resident while under the age of 18 years. However, the Immigration Judge stated that even accepting the factual position of the respondent that she came into her father's legal custody on November 3, 1990, she did not acquire United States citizenship through her father under former section 321(a) of the Act because she admittedly was not in her father's legal custody on the date of her father's naturalization, i.e., January 13, 1989. The Immigration Judge cited two cases from the United States Court of Appeals for the Third Circuit in support of his determination that a child must be in the legal custody of his or her parent on the date of the parent's naturalization to acquire derivative citizenship under section 321(a) of the Act. *See Jordon v. Att'y Gen. of U.S.*, 424 F.3d 320, 330 (3d Cir. 2005); *Bagot v. Ashcroft*, 398 F.3d 252, 257 (3d Cir. 2005). The respondent asserts that it is sufficient that she came into her father's legal custody prior to her 18th birthday to satisfy the requirements of section 321(a) of the Act.

We agree with the respondent that she has met the requirements of section 321(a) of the Act if she came into her father's legal custody prior to reaching her 18th birthday, even if she was not in his custody on the date of his

---

[1] We note that section 103(a) of the Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631, 1633, repealed section 321 of the Act, effective February 27, 2001.

naturalization. We point out that we are not bound by the Third Circuit decisions on which the Immigration Judge relied because this case is within the jurisdiction of the Fifth Circuit. The Fifth Circuit has indicated that an alien who seeks to establish that he acquired citizenship pursuant to section 321(a) of the Act as a derivative of a parent who naturalized following a legal separation must "meet his burden of proving that he was in the sole legal custody of his naturalized [parent] *prior to his eighteenth birthday*." *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 396 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 1247 (2007) (emphasis added). Although the issue in that case concerned whether the legal custody requirement of section 321(a) was satisfied where the parent who had naturalized shared "joint legal custody" of the child with a noncitizen parent, it is instructive that the issue was framed in terms of whether the child must prove he was in the sole legal custody of the naturalized parent "prior to his eighteenth birthday," rather than at the time of the parent's naturalization. *Id.*

*Matter of M-*, 3 I&N Dec. 850 (C.O.1950), provides additional support for our determination that the respondent need only show that she came into her father's legal custody prior to reaching her 18th birthday. In that case, it was determined that an alien whose father had naturalized on September 4, 1946, following the legal dissolution of his marriage, acquired derivative citizenship pursuant to section 314(c) of the Nationality Act of 1940, ch. 876, 54 Stat. 1137, 1145-46 (codified at 8 U.S.C. § 714), when she was admitted for permanent residence on August 25, 1947, into the legal custody of her father. Section 314(c) provided for the automatic acquisition of citizenship for a child born outside the United States who established "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents" where such naturalization takes place while the child is under the age of 18 years and the child is residing in the United States at the time of the naturalization or thereafter begins to reside permanently in the United States while under the age of 18 years.[2] The provision in section 314(c) requiring the alien to establish the "naturalization of the parent having legal custody of the child," which is identical to that in former section 321(c), was not interpreted to mean that the legal custody must be in effect on the date of the parent's naturalization.

We also find instructive a policy issued by the United States Department of State, which also considers citizenship claims. The Department of State set out its interpretation of former section 321(a) of the Act in Passport Bulletin 96-18, issued November 6, 1996, entitled "New Interpretation of

---

[2] Section 314(c) of the Nationality Act of 1940 differed from former section 321(a) of the Act in that it did not require that a child's residence in the United States at the time of the parent's naturalization be pursuant to a lawful admission for permanent residence.

Claims to Citizenship Under Section 321(a) [of the] INA." *See Matter of Fuentes*, 21 I&N Dec. 893, 897 (BIA 1997) (following Passport Bulletin 96-18 regarding the issue of age under former section 321(a) of the Act); *see also Saxbe v. Bustos*, 419 U.S. 65, 74 (1974) (noting that a "longstanding administrative construction [may be] entitled to great weight"). That bulletin reads, in pertinent part, as follows:

> A child who is given into the custody of a parent following that parent's naturalization (the other parent being an alien) would derive citizenship under Section 321(a)(3) [of the] INA on the date custody is awarded provided such date is prior to child's 18th birthday and the child is residing in the United States pursuant to lawful permanent residence on that date. If the child is not residing in the United States on that date but enters the United States to begin lawful permanent residence before age 18, citizenship would be acquired on the date of such entry.

Additionally, the Adjudicator's Field Manual of the U.S. Citizenship and Immigration Services indicates that a child may derive citizenship under section 321(a) if the parent is awarded legal custody of the child after that parent's naturalization, as long as both actions occur before the child reaches the age of 18. *See* U.S. Citizenship and Immigration Services, Dep't of Homeland Security, Adjudicator's Field Manual, ch. 71, § 71.1(d)(2) (Feb. 2008), http://www.uscis.gov/propub/DocView/afmid/1/172 ("Manual"). The Manual states that "[s]ince the order in which the requirements [of former section 321(a)] were satisfied was not stated in the statute, as long as the applicant meets the requirement of the statute before age 18 the applicant derives U.S. citizenship." As an example, the Manual notes that "under the prior INA section 321(a)(3), citizenship would be derived when a divorce occurred after naturalization of one parent and the naturalized parent obtained legal custody of the child." The Manual goes on to state that "[t]he date of citizenship for most applicants will be the date of the last action to occur before age 18," which may be, inter alia, the date of naturalization of the parent or the date of "legal custody when there has been a legal separation."

In view of the above, we agree with the respondent that in order to establish derivative citizenship under former section 321(a) of the Act, she must show only that she was in the legal custody of her father before she reached the age of 18 years, rather than on the date her father naturalized. Her appeal will therefore be sustained. Because the Immigration Judge incorrectly found the respondent's concession that she was not in her father's legal custody on the date of his naturalization to be determinative, he did not decide whether the respondent was in her father's legal custody prior to reaching her 18th birthday. Inasmuch as such a determination requires additional fact-finding, we will remand the record to the Immigration Judge for further proceedings. On remand, both parties may present additional evidence, including testimony,

relevant to the respondent's claim of derivative citizenship under former section 321(a) of the Act.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.